MEMORANDUM *
Xuegang Wang, a native and citizen of the People’s Republic of China, appeals the decision of the Board of Immigration Appeals (“BIA”) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Because Wang filed his application prior to May 11, 2005, the REAL ID Act does not govern this case. Joseph v. Holder, 600 F.3d 1235, 1240 n. 3 (9th Cir.2010). We have jurisdiction under 8 U.S.C. § 1252. The BIA’s factual findings are reviewed for substantial evidence, while questions of law are reviewed de novo. Zhang v. Gonzales, 408 F.3d 1239, 1244 (9th Cir.2005). We grant Wang’s petition in part, deny it in part, and remand it to the BIA for review.
Substantial evidence does not support the BIA’s finding that Wang has failed to establish a nexus between the harm he suffered and the protected ground of political opinion. To the contrary, the record compels the conclusion that the police imputed pro-Western and pro-labor political opinions to Wang, and that he was harmed at least in part because of those imputed beliefs. See Hu v. Holder, 652 F.3d 1011, 1016-20 (9th Cir.2011). The police forcibly arrested Wang outside the municipal government building after identifying him as “leading” the workers’ protest. Wang was then interrogated, accused of spreading Western ideology and inciting workers to protest, beaten unconscious, and held captive for ten days until he agreed in writing not to “organize workers anymore” or “spread Western thoughts such as democracy, freedom and human rights.” After his release, the police continued to ask Wang at his weekly reporting sessions if he planned to “organize[] any workers,” threatening to throw him in jail if he did.
On these facts, as in Hu, we conclude that Wang has established the nexus requirement and remand for the BIA to determine whether Wang’s past mistreatment rises to the level of persecution such that his application for asylum and withholding of removal may be granted. See Hu, 652 F.3d at 1020.
We deny Wang’s petition as to his CAT claim because he has failed to show that it is more likely than not that he would be tortured if he were removed to China. See 8 C.F.R. § 1208.16(c)(2).
PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.
Each party shall bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.